# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Bernard Dewberry, | ) |
|           Plaintiff, | ) Civil Action No.: 5:18-cv-01315-JMC |
| v. | ) ORDER |
| Warden Williams, | ) |
|           Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 31, 2018 (ECF No. 21). The Report addresses Plaintiff Bernard Dewberry's ("Plaintiff") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and recommends that the court dismiss the Petition without prejudice. (ECF No. 21 at 11.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 21) and incorporates it herein, **GRANTS** Defendant Warden Williams' ("Defendant") Motion for Summary Judgment (ECF No. 14), and **DISMISSES** the Petition without prejudice (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 21.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant Petition on May 14, 2018. (ECF No. 1.) Plaintiff's Petition challenges his guilty plea, entered on August 24, 2016, in Spartanburg County, South Carolina. (ECF No. 21 at 1.) Plaintiff claims that he possesses mental health issues, was not allowed to present evidence of a victim's drug use, and was unaware of a plea deal before trial. (ECF No. 1.) On August 2, 2018, the Defendant filed a Motion for Summary Judgment. (ECF No. 14.) The

1

Magistrate Judge issued a *Roseboro* Order[1] on August 2, 2018, and advised Plaintiff of the consequences of failing to respond to Defendant's Motion. (ECF No. 15 at 1-2.) On that same day, the *Roseboro* Order was mailed to Plaintiff. (ECF No. 16.) Plaintiff responded to Defendant's Motion on August 27, 2018. (ECF No. 17.)

The Magistrate Judge filed her Report on October 31, 2018. (ECF No. 21 at 2.) The Report reasoned that Plaintiff has failed to exhaust his state remedies, given that he has a "viable" remedy in state court, and staying his Petition is inappropriate. (*Id.* at 9-10.) The Report ultimately concluded that Plaintiff's Petition should be dismissed without prejudice, while Defendant's Motion for Summary Judgment should be granted. (*Id.* at 11.) The parties were apprised of their opportunity to file objections to the Report on October 31, 2018. (ECF No. 21-1 at 1.) Neither party objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] A *Roseboro* Order requires district courts to provide an explanation of summary judgment procedures in habeas corpus cases. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

2

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 21 at 1-11.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and incorporates it herein. The court **DISMISSES** Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 14).

### Certificate of appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of

appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 6, 2018
Columbia, South Carolina